IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WINGLET TECHNOLOGY,
        Plaintiff,

vs.                                           No. 18-1117-JTM

FORT FELKER,
        Defendants.

MEMORANDUM AND ORDER

The present action arises from a design for elliptical aircraft winglets, embodied in U.S. Patent No. 6,484,968 issued November 26, 2002, and a dispute between Fort Felker and the company he helped found, Winglet Technology, Inc. Winglet makes aircraft winglets which incorporate an elliptical design. The rights of the parties were previously before the court in *Winglet v. Felker*, No. 15-1358 (D.Kan.). That action was dismissed prior to the filing of any answer, the parties entering into a February 15, 2016 settlement, under which Winglet continued to make quarterly royalty payments to Felker. On April 16, 2018, Winglet instituted the present action, seeking a declaration that the patent was invalid, and that it has not infringed the patent, and subsequently amended its complaint to allege that the 2016 Amended Patent License is invalid. Felker has moved to dismiss the action, arguing (1) there is no "substantial controversy" between the parties, because

the 2016 agreement requires license payments whether or not the underlying patent is invalid, and (2) Winglet's claims are barred by the doctrine of claim preclusion.

With respect to the first argument, Felker argues that the obligation to make royalty payments under 2016 Amended License Agreement is not contingent upon the validity of the '968 Patent, citing cases such as *Cellport Systems, Inc. v. Peiker Acustic GmbH & Co.*, 763 F.3d 1016, 1019 (10th Cir. 2014) (holding royalties were required whether or not patents were infringed). *See also Verance Corp. v. Digimarc Corp.*, No. 10-831, 2011 WL 2182119 (D. Del. June 2, 2011); *In re Qualcomm Litigation*, No. 17-cv-00108-GPC-MDD, 2017 WL 5985598 (S.D. Cal. Sept. 8, 2017). Because Winglet is independently obligated to pay royalties, Felker argues, there is no case or controversy which would support jurisdiction for resolving the validity of the patent.

The court finds that the present declaratory judgment case is properly before the court. This is because the construction of the license agreement is not a condition of jurisdiction, it is simply a part of the issues for the court to resolve on the merits. In *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the Supreme Court rejected a similar argument — that "properly interpreted" the licensing agreement in dispute would obligate royalty payments regardless of the validity of the underlying patent. The Court wrote that "even if" that construction was correct, "the consequence would be that [the patentee] win[s] this case on the merits—not that the very genuine contract dispute disappears, so that Article III jurisdiction is somehow defeated." 549 U.S. at 135-36. *See also Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301 (Fed. Cir. 2011) (*MedImmune* "made

clear that, in almost identical circumstances, the issue of contract interpretation is a merits issue, not appropriate to decision on a motion to dismiss").

The court finds the cited authorities by Felker are distinguishable. "[N]o infringement analysis is necessary," the Tenth Circuit held in *Cellport*, "[b]ecause the parties acknowledged that all products falling within the terms of the License Agreement 'utilize technology, designs, or architectures covered by one or more of the claims included in the Licensed Patents.'" 763 F.3d at 1020. Here, there is no such acknowledgement, and the 2016 license is more restricted, obliging Winglet to pay for winglets "embodying the '968 Patent winglet design."

The court also finds that the present action is not subject to claim preclusion, which bars claims resolved in a previous action. The doctrine is applicable where there is "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp. v. Medtonic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). *See also McCandless v. Merit Sys. Protection Bd.*, 996 F.2d 1193, 1198 (Fed. Cir. 1993).

The prior action did involve the same parties, Winglet and Felker, but the court did not actually resolve the issues on the merits in a way which would preclude the present action. On March 7, 2016, Winglet dismissed with prejudice "this action and its claims asserted against the defendant herein" — but that action did not address the validity of the underlying patents. Rather, Winglet's complaint in the prior action reflected an attempt to enforce the original 2003 license agreement between the parties.

In contrast to the cases cited by Felker, such as *Foster v. Hallco Mfg.*, 947 F.2d 469 (Fed. Cir. 1991), the prior action here was not a patent infringement case, but a simple contract claim.

Felker offers only one support for his contention that patent validity was at issue in Case No. 15-1358. In an October 29, 2014 demand letter, he included the allegation that Winglet's unlicensed "making, using, selling, offering to sell or importing any products or services using Mr. Felker's patented technology would constitute patent infringement." (Dkt. 13-2 at 2). This single sentence is incorporated into a letter which is largely given over to a discussion of settlement. The correspondence was never filed with the court, and simply raised a hypothetical infringement claim if the parties were unable to resolve their differences. No pleading directly asserted the issue of patent validity or invalidity, no answer ever filed, and no discovery conducted. Under these circumstances, the court finds that the previous action was not resolved on the merits in manner which would preclude the present action *See Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001).

Further, the previous action advanced a different cause of action (advanced under state contract and tort law) from that now before the court (which advances issues of federal patent law). In the first action, Winglet alleged that Felker had wrongfully terminated the original license on the ground that the company was insolvent. No. 15-1358, (Dkt. 1, ¶¶ 67-70). After declaring the original license terminated, the Complaint alleges that Felker wrongfully breached the Patent License and interfered with Winglet's

4

contracts with customers by claiming he was the exclusive owner of the winglet patent (*id.*, ¶¶ 77-80), violating state tort law. Because the underlying facts of the first action focus on Felker's allegation of Winglet's insolvency, the earlier action presents a separate cause of action from the present case. *See Foster v. Hallco Mfg. Co. Inc.*, 947 F.2d 469 (Fed. Cir. 1991).

Additionally, the court finds that the present action is not subject to preclusion because it not clear that the present action involves the same winglet design. Felker simply asserts that the winglets are "essentially the same" in the two cases. (Dkt. 11, at 17). Winglet denies that the allegation, asserting that the present action concerns different winglets produced for a different Cessna aircraft (Sovereign Model 680) from that in the earlier case (Cessna Model 750, Citation X). This is a factual issue which cannot be resolved at the present time.

The court also rejects Felker's argument (Dkt. 11 at 16) that the present action is barred because Winglet "failed to preserve its right to assert invalidity" because it did not expressly reserve a right of challenge. Felker cites *Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1577 (Fed. Cir. 1989), which concluded that preclusion arose because the plaintiff "had a fair and full opportunity to challenge the … patent's validity or to reserve for subsequent litigation its right to contest, without qualification, infringement [but] made no such reservation."

In *Epic Metals*, the earlier action had explicitly asserted a claim of patent infringement, which was resolved by a consent decree. 870 F.2d at 1574. In the present

5

action, as noted earlier, the first claim did not raise the issue of patent validity, and no judgment or consent decree was adopted by the court. Here, the first action ended so swiftly that Winglet had neither the need nor opportunity to challenge the patent's validity ever arose.

The defendant's complaint that Winglet made "no reservation" which would preserve its patent challenge (Dkt. 11 at 16) can only refer to a reservation in the parties' settlement agreement. But this reverses the burden for barring such claims. Under the doctrine of contractual estoppel, claims of patent invalidity are deemed released by a settlement agreement "only if the language of the agreement or consent decree is clear and unambiguous." *Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357, 1362 (Fed. Cir. 2010).

Here, the Settlement and Mutual Release Agreement provides that Winglet agreed to release Felker for "liability [and] claims … which it has or may have had as of the time of the execution of this Agreement," but makes no explicit reference to the validity of the '968 Patent. The general release is insufficient to also release the present claims directly relating to the patent in question. *See Baseload*, 619 F.3d at 1364 (refusing to bar claim where "the language of the agreement is general and makes no specific reference to other patent claims or defenses").

Finally, the court will decline the invitation raised by the defendant's argument that, "[e]ven if there is a case or controversy," the court should exercise its discretion under the Declaratory Judgment Act to refuse to address the issue. (Dkt. 11, at 7). The defendant's conclusory request does not address the relevant factors for such a result, *see*

6

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994), until his reply brief. (Dkt. 23, at 11). The court in its discretion finds that the present declaratory judgment claim should proceed, because collateral estoppel is not otherwise applicable, resolution of the issues presented here will help clarify the legal relations in question, there is no competing or parallel state litigation, and no more effective alternative remedy exists.

IT IS ACCORDINGLY ORDERED this day of November, 2018, that defendant's Motion to Dismiss (Dkt. 10) is hereby denied.

s/ J. Thomas Marten  
J. Thomas Marten, Judge